HAMILTON WEB CO. (A NEW YORK CORPORATION), DISSOLVED, BY HAMILTON WEB CO. (A RHODE ISLAND CORPORATION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15966. Promulgated March 4, 1930.

*William A. Needham, Esq.*, for the petitioner.
*Arthur H. Fast, Esq.*, for the respondent.

OPINION.

TRUSSELL: Without deciding the issue relative to the validity of the waivers involved in this proceeding, we deem it proper to point out that if we were considering the merits of the case we would be constrained to hold, upon the facts of record and the authority of prior Board decisions, that the waivers executed by the Rhode Island corporation are invalid. Cf. *Bamberg Cotton Mills Co.*, 8 B. T. A. 1236; *Carnation Milk Products Co.*, 15 B. T. A. 556; *C. E. McCutchen*, 16 B. T. A. 569; *Barron-Anderson Co.*, 17 B. T. A. 686; *Angier Corporation*, 17 B. T. A. 1376.

The case at bar is not a transferee proceeding and the record does not disclose that any attempt has been made by the respondent to assert the tax against the petitioner as a transferee of the Hamilton Web Co. of New York. The taxpayer against whom the respondent has determined and asserted the deficiencies in controversy for the years 1917, 1918, and 1919 is the Hamilton Web Co., a New York corporation which was dissolved in 1924. The petitioner, a Rhode Island corporation, did not come into being until 1924, subsequent to the tax years in question, and it is not the taxpayer against whom the deficiencies have been asserted. The Board has held that where a petition is filed by one other than the taxpayer, the Board is without jurisdiction to redetermine the deficiency asserted against the taxpayer. See *Bisso Ferry Co.*, 8 B. T. A. 1104; *Bond, Inc.*, 12 B. T. A. 339; *Weis & Lesh Manufacturing Co.*, 13 B. T. A. 144; *American Arch Co.*, 13 B. T. A. 552; *Sanborn Brothers*, 14 B. T. A. 1059; *Consolidated Textile Corporation*, 16 B. T. A. 178; *Gideon-Anderson Co.*, 18 B. T. A. 329.

Reviewed by the Board.

*Order of dismissal will be entered accordingly.*